No. 15,533.

LESTOQUE *v.* ARNOLD ET AL.

(180 P. [2d] 862)

Decided May 5, 1947.

Mr. CLARENCE L. IRELAND, for plaintiff in error.

Mr. WILLIAM R. KELLY, Mr. E. TYNDALL SNYDER, for defendants in error.

*In Department.*

MR. JUSTICE ALTER delivered the opinion of the court.

ALBERT LESTOQUES sought an injunction to restrain William D. Arnold, William R. Kelly, and E. Tyndall Snyder from interfering with his use of an irrigation ditch and judgment for damages. A temporary restraining order was issued without notice, and, upon final hearing, judgment was entered in favor of defendants. Plaintiff has sued out a writ of error and here seeks a reversal of the judgment.

Plaintiff is the owner of a quarter-section of irrigated land through which a ditch is constructed to defendant

Arnold's farm which adjoins plaintiff's land on the east. The latter claims that the ditch is for the joint use of both parties in connection with their farms, while defendant contends that it is for his use exclusively. The ditch was constructed in 1933, at which time the farm now owned by plaintiff belonged to one Clatworthy, and that of defendant Arnold was in charge of one Jackson, whose wife was the owner thereof. Prior to 1933 there was a ditch used by the owners of both farms for irrigation, and in 1933 Clatworthy complained to Jackson that because of the declivity of the ditch his land was being greatly damaged by erosion caused by its operation. He then insisted that a concreted ditch be constructed in a new location to prevent further erosion and damage, and to this Jackson agreed. Under the arrangement for the construction of the new ditch, Jackson was to bear the entire expense thereof, and, according to the evidence, this he did. The joint ditch used for the irrigation of both farms prior to 1933 was abandoned and filled with dirt and gravel.

■ Evidence as to the use of the concreted ditch, its carrying capacity, and the agreement and understanding under which it was constructed, and for what purpose it was to be used, is in hopeless conflict; as is also the evidence as to the feasibility, practicability and necessity of its use for the irrigation of plaintiff's farm. In this state of the record the court resolved in favor of defendant Arnold and entered its judgment accordingly. Concededly the burden of proof was upon plaintiff to establish that the ditch was a joint ditch, and on this issue the court found against him.

There being sufficient evidence to support the findings and judgment of the trial court, under the circumstances presented, and in accordance with the long established rule in this jurisdiction, they will not be disturbed on review.

Messrs. Kelly and Snyder were attorneys for Arnold and were joined as defendants in the action because of

their allegedly unsound legal advice given Arnold concerning the removal of a division box or dam in the ditch in question. Our examination of the record fails to disclose anything which suggests the necessity or propriety of joining them as defendants; neither do we find anything in their conduct or advice which was improper or unethical.

The judgment is affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HILLIARD concur.